AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Special Agent James Keczkemethy, being duly sworn, depose and state that:

INTRODUCTION

1.      I am a Special Agent with the Drug Enforcement Administration ("DEA") and have been so employed since October 2017.  As a DEA Special Agent, I am authorized to investigate violations of the laws of the United States, including violations of federal narcotics laws in Title 21 of the United States Code.  I received extensive training in conducting narcotics investigations, to include surveillance operations, undercover operations, management of confidential sources, and the methods currently employed by drug traffickers. Prior to my employment with DEA, I was a police officer in Hartford, Connecticut, for more than six years and was responsible for enforcing Connecticut's state motor vehicle and criminal laws, including narcotics violations.

2.      In the course of my law enforcement career, I have participated in investigations and arrests involving violations of state and federal controlled substance laws, including Title 21, United States Code, Section 841(a)(1).  Those investigations have resulted in arrests, indictments, and convictions for violations of drug laws and/or other criminal offenses; the seizure of drugs, money, and vehicles; and the forfeiture of property.  My investigations have included the use of surveillance techniques and the execution of search, seizure, and arrest warrants.

3.      I have received significant training in the field of narcotics enforcement and investigations. Through my training and experience, I am familiar with the habits, methods, routines, practices, and procedures commonly employed by persons engaged in the trafficking of illegal drugs.

4.     I have participated in all aspects of drug investigations, including physical surveillance, surveillance of undercover transactions, the introduction of undercover agents, the execution of search warrants, the effecting of arrests, and debriefings of defendants, informants, and witnesses who had personal knowledge regarding major narcotics trafficking organizations.  I have also reviewed recorded conversations and telephone, financial, and drug records.  Through my training and experience, I have become familiar with the manner in which illegal drugs are imported, transported, stored, and distributed, and the methods of payment for such drugs.  I have also become familiar with the manner in which narcotics organizations use various forms of violence and intimidation in furtherance of their narcotics trafficking activity, to protect their operations, members, narcotics, and narcotics proceeds.

5.     Based on my training and experience, I am familiar with the methods of operation employed by drug traffickers operating at the local, statewide, national, and international levels, including those involving the distribution, storage, and transportation of controlled substances and the collection of money that constitutes the proceeds of drug-trafficking activities. Specifically, I am familiar with the manner in which drug traffickers use vehicles, common carriers, mail and private delivery services, and a variety of other means to transport and distribute narcotics and the proceeds of narcotics trafficking. I am familiar with the manner in which drug traffickers often store drugs and drug proceeds in storage sites commonly referred to as "stash houses." I also am familiar with the manner in which drug traffickers use telephones, coded or slang-filled telephone conversations, text messages, pager messages, and other means to facilitate their illegal activities.

## PURPOSE OF AFFIDAVIT

6.     I submit this affidavit in support of an application for a criminal complaint alleging

that on September 29, 2021, Adelaida Yudit GARIBAY ("GARIBAY") possessed with intent to distribute 400 grams or more of fentanyl in violation of Tile 21, United States Code, Sections 841(a)(1) & (b)(1)(A)(vi).  Based on the facts set forth in this affidavit, there is probable cause to believe that GARIBAY has violated Tile 21, United States Code, Sections 841(a)(1) & (b)(1)(A)(vi).

7. As part of my duties, I am currently participating in an investigation into the criminal activity of GARIBAY.  I am familiar with the facts and circumstances of this investigation, and I have received information from a variety of sources, including but not limited to other law enforcement officers and agents, and my personal review of records and reports relating to the investigation.

8. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses, among other things. This affidavit is intended to show that there is probable cause for the requested complaint and does not set forth all of my knowledge about this matter.

PROBABLE CAUSE

9. On September 29, 2021, investigators in Puerto Rico contacted investigators in Massachusetts because a Puerto Rican confidential source ("CS")[1] provided information about a fentanyl dealer in the Boston area.  Specifically, CS reported to the Puerto Rican investigators that CS was in communication with a Mexican individual who supplies fentanyl.  The Mexican individual had a female co-conspirator in the Boston area who was looking to quickly sell 2-4

---

[1] CS has a criminal history that includes two drug convictions and a drug arrest.  Investigators are compensating CS for his cooperation.  Investigators have corroborated the information provided by CS to the extent possible—including by conducting the transaction discussed herein—and believe CS to be reliable.

3

kilograms of fentanyl before she left the area. Boston area agents provided the telephone number for an undercover agent ("UC") in Massachusetts who would pose as a buyer for the fentanyl the female co-conspirator was looking to sell.

10. In the afternoon of September 29, 2021, UC received a telephone call. The call was recorded as were subsequent calls between GARIBAY and the UC. When UC answered, a female greeted UC in Spanish. The female told UC that another female had the "material" and the material was in the vicinity of "Jamaica" near Planet Fitness. UC understood "material" to mean drugs, and "Jamaica" to mean Jamaica Plain. The female and the UC discussed a transaction involving "two." The UC understood "two" to refer to two kilograms of narcotics. A price of $41,000 per kilogram had already been established based on communications between the CS and the Mexican source. The UC and the female discussed meeting at 5 Allstate Road in Dorchester, Massachusetts, which is the address for a Home Depot. At approximately 8:26 p.m. the UC arrived at the Home Depot, where he awaited further instructions from the female. Based on the above, I believe CS passed UC's telephone number to the Mexican source, who passed it to the female to conduct the fentanyl transaction.

11. As the UC waited at the Home Depot, s/he continued to converse with the female via telephone. The female proposed changing the meeting location to a shopping plaza at the corner of Washington Street and McBride Street, which is several miles from the Allstate Road Home Depot. The UC told the female that s/he did not want to meet at that location and instead offered the Allstate Road Home Depot for the meet. The female eventually agreed to that location, and the conversation ended.

4

12. Investigators then traveled to the area of Washington Street and McBride Street. At about 8:52 p.m., investigators observed a Hispanic female talking on her cell phone in front of the Planet Fitness located at 3525 Washington Street—this female was later determined to be GARIBAY. A short time later, investigators observed GARIBAY walking toward the corner of Washington Street and Burnett Street, where she met with a second woman. The two women then began walking down Burnett Street. A Boston detective dressed in plain clothes followed the two females and saw them standing in a dark corner on Burnett Street. There, a third female arrived on foot and handed a dark-colored shopping bag to GARIBAY. The three women then departed in different directions.

13. Based on my training and experience, I believed that a drug transaction had just occurred between the women and GARIBAY.

14. Investigators continued surveilling GARIBAY. She returned to the Planet Fitness and appeared to be waiting for someone. Within a few minutes, investigators saw GARIBAY enter the rear passenger seat of a motor vehicle, bearing Massachusetts registration 8VL597, later determined to be an Uber ride-sharing vehicle.

15. A short time later, Boston Police, in a marked vehicle, conducted a traffic stop of the Uber vehicle in Dorchester. The female who had been standing in front of the Planet Fitness was sitting in the rear passenger seat and was identified as Adelaida Yudit GARIBAY. Investigators asked GARIBAY to exit the vehicle. Investigators saw a dark-colored shopping bag on the floor where GARIBAY had been sitting. The bag was open to view, and officers saw two packages inside it. The packages were wrapped in clear plastic and green cellophane with a tan powdery substance showing. Based on the officers' training and experience, they believed the

packages contained approximately 2 kilograms of fentanyl. GARIBAY denied that the bag was hers. Investigators then arrested GARIBAY.

16. Later that evening, investigators conducted a field test of the substance in the packages seized from GARIBAY's feet. The substance tested positive for fentanyl.

17. At the time of her arrest, GARIBAY possessed several cell phones. Agents asked the UC to call the telephone numbers s/he had been using to converse with the female who was looking to sell fentanyl. When the UC did so, one of GARIBAY's cellphones rang/buzzed in the agents' presence. Based on my training and experience, I believe that GARIBAY was the same female who the UC had been speaking with to negotiate the fentanyl transaction.

18. Based on the foregoing, there is probable cause to believe that, on September 29, 2021, Adelaida Yudit GARIBAY possessed with intent to distribute 400 grams or more of fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) & (b)(1)(A)(vi).

*James Keczkemethy*
James Keczkemethy
DEA Special Agent

Sworn to by telephone in accordance with Fed. R. Crim. P. 4.1, this 30th day of September, 2021.



HONORABLE MARIANNE B. BOWLER
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF MASSACHUSETTS